```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ANTHONY MARSHALL,

                        Plaintiff,            **DECISION AND ORDER**

        -against-                              16 Civ. 8622 (PMH) (PED)

ANTHONY ANNUCCI, et al.,

                        Defendants.
-------------------------------------------------------X
```
**PAUL E. DAVISON, U.S.M.J.**

      On April 6, 2021, plaintiff filed a motion pursuant to Local Rule 6.3 (Dkt. #158), seeking reconsideration of this Court's Decision and Order addressing plaintiff's motion to amend (Dkt. #156), familiarity with which is presumed. The scope of plaintiff's motion for reconsideration is narrow: he asserts that the Court erred in denying him leave to add a claim for monetary damages against William Vertoske in his individual capacity for his alleged deliberate indifference to plaintiff's serious medical needs. Dkt. #159. For the reasons that follow, plaintiff's motion is **DENIED**.

      "[A] motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Salveson v. JP Morgan Chase & Co.*, 663 F. App'x 71, 75 (2d Cir. 2016) (quotation marks and citation omitted). "A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might

reasonably be expected to alter the conclusion reached by the court." *Van Buskirk*, 935 F.3d at 54 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also* Local Civ. R. 6.3 (providing that the moving party must "set[ ] forth concisely the matters or controlling decisions which counsel believes the [c]ourt has overlooked"). Thus, "[a] party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (citation omitted). "The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Occilien v. Related Partners, Inc.*, No. 19 Civ. 7634, 2021 WL 1222289, at *1 (S.D.N.Y. Apr. 1, 2021) (citation omitted).

Here, in the first instance, plaintiff challenges the Court's conclusion that the allegations in the First Amended Complaint provide a sufficient basis for the relief plaintiff seeks in his proposed Second Amended Complaint against defendant Vertoske. According to plaintiff:

> [T]he Court supports this inference by reference to a single allegation: "Each CNYPC Administrator (Russell, Bosco, Sawyer, Vertoske, Gonzalez and Mennig) was responsible for the care and treatment of Mr. Marshall while he was in DOCCS custody."

Dkt. #159, at 6 (citing Dkt. #156, at 9).[1] Plaintiff is correct that this particular allegation is the only one which references defendant Vertoske by name. However, plaintiff overlooks the fact that the Court's conclusion rested upon consideration of a litany of allegations in the First Amended Complaint (set forth in detail in the Court's Decision and Order addressing plaintiff's motion to amend) which, taken together, plausibly suggest that defendant Vertoske allowed policies and practices to persist which allegedly resulted in plaintiff's confinement in isolation

---

[1] All citations to page numbers herein reflect ECF pagination.

for over four and a half years, during which his mental health deteriorated significantly.

Plaintiff also argues that he acted diligently in seeking to amend, and proffers information regarding the timing and nature of evidence gathered in discovery regarding Vertoske's role. Dkt. #159, at 7-8. This is an obvious attempt to belatedly address an oversight in his motion to amend which was noted by the Court, *to wit*: "plaintiff fails to specify *which* documents revealed *what* information and *when* those documents were produced; rather, as justification for the late amendment, plaintiff broadly points to the date defendants completed their entire document production, leaving the Court to infer that the pertinent disclosures were made well before August 2020." Dkt. #156, at 7-8.

In sum, plaintiff has failed to identify "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho*, 991 F.3d at 170. Accordingly, his motion for reconsideration is **DENIED**.

The Clerk of the Court is respectfully directed to terminate the pending motion (Dkt. #158).

Dated: April 29, 2021
White Plains, New York

**SO ORDERED.**

_____
PAUL E. DAVISON, U.S.M.J.